# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CLOYD GARTH**                                                             **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:17cv94-SA-DAS**

**MAC CURLEE, ET AL.**                                            **DEFENDANTS**

## ORDER QUASHING SUBPOENA AND GRANTING PROTECTIVE ORDER

Before the Court is Defendants' (Aberdeen School District and Mac Curlee, Conservator) [27] Motion to Quash the subpoena for a deposition served on the Aberdeen School District's board attorney, Nathaniel Armistad, along with a [29] Motion for a Protective Order prohibiting such deposition in the future. Plaintiff responded, Defendants replied, and this Court held a brief telephonic hearing on April 27, 2018. This matter is now ripe for review.

At the outset, it must be noted that on April 23, 2018, this Court, in response to a request for expedited consideration, noticed a telephonic hearing for April 27, 2018, at 1:00 p.m. The Notice, as well as the docket entry, set Plaintiff's response deadline at 12:00 p.m., April 26, 2018. Plaintiff failed to respond until twenty-one minutes prior to the scheduled telephonic hearing, at which time counsel emailed a response to this Court and opposing counsel.[1] The ill-timed filing impeded the telephonic hearing and this Court deferred ruling in this matter.

Because Plaintiff presented no argument of excusable neglect or good faith failure to meet the Court's deadline, Defendants request that Plaintiff's response be stricken as untimely and that their motions be granted as confessed. *See* UNIF. LOC. R. 7(b)(3)(E). The Court is inclined to agree with this proposed course of action, but will nevertheless briefly address the merits of the motions.

---

[1] Plaintiff did not officially file a response in CM/ECF until April 30, 2018 [35].

"Courts often turn to *Shelton v. Am. Motors Corp.* for the standard to determine when opposing counsel can be deposed. Under *Shelton*, a deposition of opposing counsel can only proceed if (1) there is no other means to obtain the information, (2) the information is relevant and non-privileged, and (3) the information is crucial to preparation of the case." *Angelicare, LLC v. St. Bernard Parish*, 2018 WL 1172947, at *6 (E.D. La. Mar. 6, 2018) (citing 805 F.2d 1323, 1327 (8th Cir. 1986)). The plaintiffs in *Angelicare* argued that *Shelton* did not apply because the to-be-deposed attorney was not attorney of record, had not supervised trial attorneys, and had not participated in litigation planning or strategy. Moreover, plaintiffs stated they wanted to depose the attorney "regarding his involvement in the decisions challenged in the lawsuit," as opposed to litigation strategy. *Id*. The Court rejected those arguments, finding that the proposed deponent, although in-house counsel and not attorney of record, was sufficiently involved in the representation to warrant consideration of the *Shelton* factors. *Id.* at 7.

Plaintiff makes essentially the same arguments to this Court, and like *Angelicare*, this Court rejects those arguments. Defendants represent that Mr. Armistad is actively involved in this litigation—advising outside counsel and relaying litigation progress updates and trial strategy to the District's Board of Trustees. Moreover, Mr. Armistad provided legal advice to the District related to the employment decision that is the subject of Plaintiff's claims. *Shelton* therefore applies.

Plaintiff seeks information from Mr. Armistad regarding why he sought a meeting with Plaintiff to relay Mac Curlee's apprehensions of Plaintiff's willingness to accept the District's choice for superintendent. However, regarding the meeting itself, Plaintiff can testify as to that exchange. And Mac Curlee can testify as to his own alleged apprehensions. As there are other means to obtain the information sought, Plaintiff cannot satisfy the *Shelton* standard for deposing the District's board attorney.

IT IS, THEREFORE, ORDERED that the subpoena served on attorney Nathaniel Armistad, noticed at docket number [31], is hereby QUASHED.

IT IS FURTHER ORDERED that Defendants' request for a protective order is GRANTED, and Plaintiff is prohibited from deposing Mr. Armistad or otherwise seeking his testimony in connection with this litigation.

SO ORDERED, this the 8th day of May, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE