IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CLOYD GARTH                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:17-CV-94-SA-DAS

MAC CURLEE, and
ABERDEEN SCHOOL DISTRICT                                                                     DEFENDANTS

ORDER

Cloyd Garth filed his Complaint [1] in this Court on June 26, 2017, alleging various Constitutional and Civil Rights violations related to his termination as Principal for the Aberdeen School District on June 2, 2017. Now before the Court is the Defendants' Motion to Strike [62] the Plaintiff's Response to the pending Motion for Summary Judgment, and the Plaintiff's Motion for Leave to File [64] a Memorandum in Opposition to the pending Motion for Summary Judgment Outside of Time.

*Filing Deadlines*

The Defendants filed their Motion for Summary Judgment [55] and supporting memorandum brief on June 20, 2018. The Plaintiff's deadline to respond was July 5, 2018.[1] *See* L. U. Civ R. 7(b). The Plaintiff failed to respond within the deadlines and instead filed a Response [61] five days late, without leave from the Court. The Plaintiff also failed to include the required memorandum brief. *See* L. U. Civ R. 7(b). On July 31, 2018, the Plaintiff filed a Motion for Leave to File a Memorandum in Opposition Outside of Time [64].

---

[1] The fourteenth day fell on July 4, a legal holiday. In accordance with Federal Rule of Civil Procedure 6(a)(1)(C), the Plaintiff's response was due on the next day that was not a Saturday, Sunday, or legal holiday.

The Court notes that this is not the first time Plaintiff's counsel has failed to meet motion deadlines and failed to provide any excuse for doing so. The deadlines imposed by the Local Rules are not optional. *See Blackard v. City of Southaven*, No. 2:11-CV-6-NBB, 2012 WL 82792, at *3 (N.D. Miss. Mar. 9, 2012). Under Federal Rule of Civil Procedure 6(b)(1), the Court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect. Here, however, the Plaintiff has not demonstrated such neglect. Instead, the Plaintiff has wholly failed to offer any explanation for the late filings. Given this complete lack of explanation, the Court grants the Defendants' Motion to Strike the Plaintiff's Response [62], strikes the Plaintiff's Response [61], and denies the Plaintiff's Motion for Leave to File a Memorandum Outside of Time [64]. Further violations of the Local Rules and failure to adhere to the deadlines may result in sanctions. *See* L. U. Civ R. Preamble.

*Conclusion*

For all of the reasons discussed above, the Defendants' Motion to Strike the Plaintiff's Response to the Defendants' Motion for Summary Judgment [62] is GRANTED and the Plaintiff's Response [61] is stricken.

The Plaintiff's Motion for Leave to File a Memorandum in Opposition to the Defendants' Motion for Summary Judgment Outside of Time [64] is DENIED.

SO ORDERED on this the 24th day of September, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE